[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

No. 08-16041
Non-Argument Calendar
_____

D. C. Docket No. 08-00514-CV-MHS-1

CEDRIC CLARITT,

Petitioner-Appellant,

versus

RALPH KEMP,
JAMES E. DONALD,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 2, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Cedric Claritt, a Georgia state prisoner proceeding *pro se*, appeals the denial in part and dismissal in part of his habeas corpus petition, 28 U.S.C. § 2254. A jury convicted Claritt of robbing a liquor store. At trial, evidence showed that two men, one wearing a mask, robbed a liquor store and took vodka bottles. Police found the mask and stolen vodka bottles in Claritt's car. Claritt claimed ineffective assistance of counsel in his § 2254 petition, but the district court found the claim was procedurally defaulted and Claritt had not made a sufficient showing of actual innocence to excuse the procedural default. The district court granted a certificate of appealability (COA) as to whether Claritt has made a sufficient showing of actual innocence to overcome the procedural default of his ineffective-assistance-of-counsel claim.

Claritt argues he made a sufficient showing of actual innocence because he has affidavits indicating he stayed with friends the night of the robbery. He contends the evidence that police seized from his truck did not connect him to the crime because his fingerprints were not on the stolen vodka bottles nor was his DNA on the mask that one of the robbers had used. Claritt asserts his expert witness on reverse projection photogrammetry examined a photograph of the robber and found a height difference between him and the robber. He also contends he was employed before his arrest, he had never been in trouble before,

2

and the district attorney improperly characterized him as a "drug-dealing thug." Further, Claritt argues that no reasonable jury could have convicted him if it had known he had a tattoo on his arm because a photograph of the robber did not show a tattoo. He claims the tattoo evidence establishes his innocence, and he has shown a fundamental miscarriage of justice sufficient to overcome the procedural default of his ineffective-assistance-of-counsel claim. Additionally, in his reply brief, he asserts various problems with his state habeas corpus proceeding.

In reviewing a denial of a petition for a writ of habeas corpus, we examine the factual findings for clear error and legal conclusions *de novo*. *Breedlove v. Moore*, 279 F.3d 952, 958 (11th Cir. 2002). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We limit our review of an unsuccessful habeas petition to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

A petitioner may receive consideration on the merits of a procedurally defaulted claim if he can establish that a fundamental miscarriage of justice otherwise would result. *Schlup v. Delo*, 115 S. Ct. 851, 860-61 (1995). In order to establish a miscarriage of justice based on actual innocence, a petitioner must

3

support allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," which establishes that "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Id.* at 865, 867. The exception is "exceedingly narrow in scope" because it requires proof of actual innocence, not just legal innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). Newly discovered evidence consisting of affidavits, especially affidavits containing hearsay, are suspect. *Herrera v. Collins*, 113 S. Ct. 853, 869 (1993).

In this case, the district court did not err in finding that Claritt failed to make a showing of actual innocence sufficient to overcome the procedural default of his ineffective-assistance-of-counsel claim. First, the affidavits Claritt presented were suspect and insufficient to show he was actually innocent because (1) the hearsay statement by Antoine Brockington that his cell mate had confessed to robbing a store but an innocent man was convicted of the crime lacks critical details, and (2) the affidavit from Teal Parker stating that Claritt was alone with him the night of the robbery is inconsistent with Claritt's statements to police that he was with a group of people that night. *See Herrera*, 113 S. Ct. at 869. Second, the absence of fingerprints and DNA evidence came out at trial, so this is not new evidence.

4

*Schlup*, 115 S. Ct. at 865. Third, the allegedly improper characterization of Claritt as a drug dealer and evidence that he was employed at the time of the robbery do not reflect on his actual innocence because holding a job and engaging in criminal activity are not mutually exclusive activities. *See Johnson*, 256 F.3d at 1171.

Finally, the evidence based on the surveillance video of the robbery—that the robber could have been a few inches taller than Claritt or that the robber may not have had a tattoo on his forearm—is not new evidence. The video was admitted at trial and played for the jury and several still images from the video were submitted by the state. Claritt had access at his original trial to the videotape from which all the robbery photographs came, so he has only provided new interpretations of existing evidence. For these reasons, we find that Claritt has not made a sufficient showing of actual innocence to overcome the procedural default of his ineffective-assistance-of-counsel claim.[1]

**AFFIRMED.**

---

[1] We do not consider Claritt's arguments about his state habeas proceeding because they exceed the scope of the COA. *See Murray*, 145 at 1251.